UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA JAY DANIELS,<br><br>  Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>  Respondent. | NO. CV 14-2061-CJC (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On March 18, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court in 2004. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California, *Daniels v. Small*, Case No. CV 08-5586-CJC (AGR) ("*Daniels I*").

In 2004, Petitioner was convicted of first degree murder and sentenced to 50 years to life. (Petition at 2).

In *Daniels I*, Petitioner challenged the same conviction. Dkt. No. 1 at 2. A Report issued on the merits on June 7, 2011, recommending that the petition be denied and the action dismissed with prejudice. *Id.*, Dkt. No. 34. On September 7, 2011, the Court accepted the findings and recommendation of the Report and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 45-46. On October 17, 2011, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 52. On November 30, 2012, the Ninth Circuit denied the request for a certificate of appealability. *Id.*, Dkt. No. 59.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Daniels I*. Petitioner attempts to transform this case based on a "new judgment" in 2013. (Petition at 2.) However, the grounds in the petition challenge the underlying conviction. (*Id.*, Attached at 6-27.) Petitioner's request for relief is to "reverse the conviction and judgment." (*Id.*, Attached at 27.) On April 23, 2013, Petitioner filed a motion in the trial court to amend the abstract of judgment. Petitioner contended that his presentencing credits were miscalculated at the time of judgment and that it should have been two days more than he was given. On May 24, 2013, the trial court ordered the abstract of judgment to be amended to award Petitioner the extra two days. *People v. Daniels*, 2014 WL 682281, *1 (Cal. Ct. App. Feb. 21, 2014). On July 18, 2013, Petitioner appealed, arguing that the "initial miscalculation . . . and failure to permit [him] to be present at [re]sentencing resulted in an unauthorized sentence creating a jurisdictional defect, . . . whenever discovered." *Id.* at *2. Therefore, according to Petitioner, the "unauthorized sentence" entitled him to challenge the underlying conviction. *Id.* The California Court of Appeal concluded that Petitioner's claims "relating to his judgment of conviction were addressed in a prior appeal and are not cognizable in this appeal from the postjudgment order recalculating his sentencing credits." *Id.* Similarly, here, Petitioner may challenge his underlying conviction in a second or successive petition only if the Ninth Circuit authorizes it.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

3

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: March 27, 2014

                                              CORMAC J. CARNEY
                                              United States District Judge

4